UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                     Case Number 03-20008-BC
v.                                   Honorable David M. Lawson

JAMES ROY SYLVESTER, JR.,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS ON GROUNDS OF PRETRIAL DELAY

The defendant, James Roy Sylvester Jr., presently charged in a seventeen-count, eighth superseding indictment with various controlled substance and firearms offences, filed a motion to dismiss based on the delay that has ensued in bringing him to trial since his arrest on February 23, 2003.  Sylvester alleges as grounds violations of the Speedy Trial Act, his rights under the Due Process Clause of the Fifth Amendment, and his right to a speedy trial guaranteed by the Sixth Amendment.  He says that the government has intentionally delayed his case through a series of tactics that include the filing a motion to adjourn, obtaining eight superseding indictments from the grand jury, belatedly informing defense counsel of witnesses that testified in state court, delay in providing discovery, joining his mother as a co-defendant, and untimely filing increased charges against him.  The government filed a response in opposition to the motion, and the Court heard oral argument on the matter on March 14, 2005.  The parties asked for an opportunity to file post-argument briefs, which have been received, and the matter is ready for decision.  The Court finds that the delay, although quite lengthy on its face, has not resulted in a violation of the defendant's constitutional or statutory rights, and the motion to dismiss therefore will be denied.

I.

According to the government, on February 24, 2003, the Michigan state police contacted federal agents in Saginaw, Michigan with information that they had received from the Nebraska state patrol. The Nebraska law enforcement agents seized five kilograms of cocaine after a consensual search of luggage belonging to Vicky Loos and Jose Escobar. After the search, Loos was willing to cooperate with the agents, but Escobar was not. Loos allegedly informed the Nebraska agents that the cocaine was destined for Saginaw and specifically to the residence of the defendant, James Sylvester.

Based on this information, agents arranged a "controlled delivery" at the defendant's home and subsequently arrested him on February 25, 2003. At the time of the controlled delivery, gun fire was exchanged and an occupant of the house and an agent were killed. The defendant was not involved in the shootings. He has been incarcerated since the date of his arrest. After the defendant's arrest, Detective Kenneth Conklin executed a search warrant for the defendant's residence that he shared with his mother, Corrine Sylvester. The search revealed weapons, money, prescription drugs, and controlled substances.

On February 26, 2003, the defendant was arraigned in the presence of counsel on a two-count indictment filed the previous day charging him with possession with intent to distribute cocaine in violation of federal law. That same day, a first superseding indictment was filed. The defendant was arraigned on the superseding indictment on March 3, 2003 in the presence of counsel. A detention hearing also was held on March 3, and the defendant was ordered held without bond. On March 18, 2003, the magistrate judge held a scheduling conference, and the defendant retained new counsel. The defendant's attorney requested additional time to obtain and review the discovery package, and

-2-

the Court ordered the period between March 18, 2003 and May 4, 2003 excluded from the seventy-day period under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A).

On April 9, 2003, the grand jury returned a second superseding indictment adding a charge of possession of a firearm in furtherance of a drug trafficking crime against the defendant. The defendant was arraigned on April 16, 2003 with counsel present. A third superseding indictment was filed on May 28, 2003 adding eight additional counts against the defendant: felon in possession of a firearm, possessing firearms while being a user of controlled substances, possession of marijuana, possession of Oxycodone, possession of Diazepam, possession of dihydrocdeine, and aiding and abetting the acquisition of five kilograms of cocaine through interstate travel. The defendant was arraigned on these counts on June 4, 2003.

On July 23, 2003, the government filed a motion to clarify the status of defense counsel. On July 24, 2003, the defendant sought the removal of his attorney court and the appointment of new counsel. On July 29, 2003, the government filed a motion to adjourn the trial, and on August 12, 2003, after previously rescheduling the motion hearing, the Court granted the defendant's attorney's motion to withdraw. On August 18, 2003, new counsel was appointed for the defendant under the Criminal Justice Act. Two days later, the Court entered an order memorializing its ruling and granting the government's motion to adjourn trial; the Court excluded for purposes of the Speedy Trial Act the period between August 12, 2003 and September 12, 2003 because new defense counsel needed time to prepare. *See* 18 U.S.C. § 3161(h)(8)(B).

At a scheduling conference held on September 5, 2003, the parties agreed for an additional period of time to be excluded pursuant to the Speedy Trial Act's "ends of justice" provision because additional discovery material was forthcoming from the government. The Court excluded the period

-3-

between September 5, 2003 and November 6, 2003 on that ground.  On September 29, 2003, the defendant filed a motion to adjourn the motions filing deadline, which the Court subsequently granted.  The Court also excluded for purposes of the Speedy Trial Act the period between November 4, 2003 and January 20, 2004 pursuant to 18 U.S.C. § 3161(h)(8)(A) because of defense counsel's request for additional preparation time.

On October 27, 2003, a fourth superseding indictment was unsealed.  This indictment added co-defendant Calvin Ayers and a conspiracy charge.  On November 19, 2003, a fifth superseding indictment was filed amending the dates of the conspiracy charge.  The defendant  was arraigned on November 24, 2003.  On December 22, 2003, a scheduling conference was held and defense counsel requested additional time to review new discovery material and prepare pretrial motions.  As a result, the Court on December 31, 2003, ordered the period between January 20, 2004, and February 29, 2004, excluded for speedy trial purposes under 18 U.S.C. § 3161(h)(8)(A).

On February 5, 2004, the defendant filed motions to suppress evidence and statements and requested an evidentiary hearing.  The Court scheduled the matter for hearing on March 18, 2004.  However, because of defense counsel's vacation, the parties stipulated to adjourn the motions hearing for thirty days, which the Court granted.  The Court therefore excluded the period between the date the stipulation was filed and April 26, 2004, the rescheduled date for the motions hearing.  On February 27, 2004, defense counsel filed a motion to withdraw, which was denied on March 15, 2004 after a hearing on the matter was conducted.

On April 14, 2004, the government obtained a sixth superseding indictment charging the defendant's mother with possession of marijuana and possessing a handgun while being a user of a controlled substance.  This indictment was sealed.  On April 26, 2004 a hearing was held on the

-4-

defendant's motions, which were denied by written order entered on April 28, 2004.  On May 14, 2004, the sixth superseding indictment was unsealed.  On June 4, 2004, the Court held a scheduling conference in which the government informed defense counsel of letters recently sent to counsel for all defendants informing them that two government witnesses previously had testified in state court on September 11, 2003, May 6, 2004, and May 7, 2004.  Counsel for the defendant's mother informed the Court that he had scheduling conflicts and needed additional time to review discovery materials.  Counsel for co-defendant Ayers stated that he had been called up for active military duty and was leaving the country for approximately thirty days.  Over the objection of defendant's mother (a co-defendant, as noted above), the Court found the request by co-defendant Ayer's counsel to be reasonable and order the period between June 4, 2004 and August 4, 2004, excluded for purposes of the Speedy Trial Act.

On August 11, 2004, a seventh superseding indictment was filed, and on August 13, 2004 it was unsealed.  This superseding indictment added as a co-defendant Frederick Lee Wyatt in the conspiracy charge and additionally charged the defendant with two counts of traveling in interstate commerce to acquire cocaine in violation of federal law.  The indictment also alleged sentencing factors.  On October 1, 2004, the Court held a scheduling conference.  At the conference, counsel for Wyatt informed the Court that he was reviewing discovery materials in the case.  The defendant objected to any additional extensions; however, the Court ordered the period between September 30, 2004 and October 22, 2004 excluded for purposes of the Speedy Trial Act on "ends of justice" grounds because of co-defendant's counsel's need for preparation time.  *See* 18 U.S.C. § 3161(h)(8)(A)  On November 12, 2004, the defendant received 344 pages of additional discovery, which he claims was in the possession of the case agent as early as August 2004.

On November 19, 2004, the defendant filed a motion to dismiss the indictment against him. The government filed a response in opposition. Since the filing of the motion, an eighth superseding indictment has issued, having been returned on January 12, 2005.

## II.

The defendant raises three primary arguments supporting his request to dismiss the charges against him, all stemming from pretrial delay. He also claims that the serial indictments against him were the result of prosecutorial vindictiveness. The Court will address each one in turn.

### A. Pre-Indictment Delay

The United States Supreme Court has held that the Due Process Clause of the Fifth Amendment provides some measure of protection for a criminal defendant against pre-indictment delay: although statutes of limitations generally provide the primary protection against overly stale criminal charges, the Court "did acknowledge that the statute of limitations does not fully define [defendants'] rights with respect to the events occurring prior to indictment, and that the Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lavasco*, 431 U.S. 783, 789 (1977). The protection, however, is limited only to those cases in which the defendant produces "proof of actual prejudice [that] makes a due process claim concrete and ripe for adjudication." *Ibid.*

In *United States v. Marion*, 404 U.S. 307, 324-25 (1971), the Supreme Court clarified that actual prejudice "may result to the defense of a criminal case from the shortest and most necessary delay." Although the Court did not define the circumstances that might give rise to a showing of actual prejudice, the Court observed that "no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution." *Id.* at 325. In fact, the requirement of actual

-6-

prejudice merely establishes a justiciability threshold. Proof of actual prejudice makes a due process claim ripe; however, it does not "make[] the claim automatically valid." *Lavasco*, 431 U.S. at 789. As a result, "*Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim." *Id.* at 790. A due process challenge based upon pre-indictment delay requires a court to "consider the reasons for delay as well as the prejudice to the accused." *Ibid.*

In this case, the defendant makes only a general averment that he has suffered prejudice as a result of pre-indictment delay, citing *Marion* for the general proposition that actual prejudice may result from the shortest of delays. The time between the defendant's arrest and indictment was in fact "the shortest of delays," having occurred from February 25, 2003 (arrest) to February 26, 2003 (indictment). However, the defendant has not explained how the lapse of one day has inhibited his ability to defend against the charges or otherwise resulted in prejudice. Moreover, the government's asserted reason for the delay – that the defendant was arrested during a shoot out, and presumably, it took a day for the situation to stabilize such that the government could formally present an indictment – provides ample counterbalance against any assertion by the defendant that some sort of resulting prejudice warrants a dismissal.

The Court finds that the defendant has failed to establish that he is entitled to relief under the Due Process Clause of the Fifth Amendment.

## B. Speedy Trial Act

The relevant part of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence *within seventy days* from the filing date (and making public) of the information or

-7-

indictment, or from the date the defendant has appeared before a judicial officer of
the court in which such charge is pending, whichever date last occurs.

(emphasis added). If a court fails to comply with section 3161, then "such charge against that

individual contained in [the] complaint shall be dismissed or otherwise dropped." 18 U.S.C. §

3162(a)(1).

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, is intended to "quantify and make effective

the Sixth Amendment right to a speedy trial." *United States v. Moran*, 998 F.2d 1368, 1370 (6th Cir.

1993). The seventy-day period begins to run from the latter of two dates: when the defendant is

indicted, or when the defendant first "appear[s] before a judicial officer." 18 U.S.C. § 3161(c)(1).

The Sixth Circuit construes the term "appear" to mean "arraignment," that is, when the defendant

enters a not-guilty plea. *See United States v. O'Dell*, 154 F.3d 358, 360-62 (6th Cir. 1998); *United*

*States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). The Act also provides that in calculating the

seventy-day period, nine categories of events may be excluded; these periods of "excludable delay"

toll the Speedy Trial Act clock. *See* 18 U.S.C. § 3161(h).

For instance, section 3161(h)(1)(F) excludes from the seventy days certain delays occasioned

by the filing of "any" pretrial motion. "The plain terms of the statute appear to exclude all time

between the filing of and the hearing on a motion whether that hearing was prompt or not."

*Henderson v. United States*, 476 U.S. 321, 326 (1986). Additionally, "subsection (F) excludes time

after a hearing on a motion but before the district court receives all the submissions by counsel it

needs to decide that motion." *Id.* at 330. Once a hearing has been held, the Speedy Trial Act also

excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any

proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. §

3161(h)(1)(J). The interplay between these sections was explained by the Sixth Circuit:

-8-

The language of these exclusions, as interpreted by the Supreme Court in *Henderson v. United States,* 476 U.S. 321 (1986), distinguishes between motions that require a hearing and those that do not.  If a motion requires a hearing, we look first to section 3161(h)(1)(F), which excludes all the time between the filing of the motion and the conclusion of the hearing on that motion.  *Henderson,* 476 U.S. at 329.  This exclusion of the time prior to the conclusion of the hearing is automatic.  *Ibid.*  After the hearing, the district court may need additional time to receive supplemental filings from the parties for proper resolution of the motion. This time is also excluded.  *Henderson,* 476 U.S. at 331.  Once the hearing is concluded, and the district court has received all the submissions, there must be "prompt disposition" of the motion. This is where section 3161(h)(1)(J) comes into play. That provision excludes a maximum of 30 days from the day the motion is "actually under advisement" by the court.

For motions that do not require a hearing, *Henderson* teaches that the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded.  *Henderson,* 476 U.S. at 331.   If no additional submissions are required, or they have been furnished to the court, section 3161(h)(1)(F) requires "prompt disposition." Again, section 3161(h)(1)(J) becomes applicable and excludes a maximum of 30 days once the motion is "actually under advisement."  *Henderson,* 476 U.S. at 329. A motion is "actually under advisement" when "the court receives all the papers it reasonably expects."  *Henderson,* 476 U.S. at 329. Thus, the "under advisement" period will normally begin to run the day after the court has received additional submissions from the parties.  *See Henderson,* 476 U.S. at 331. If the court has not requested any additional filings, however, this period will normally began on the day following the conclusion of the hearing on the motion.  If a hearing is not required, the advisement period will normally begin on the day the motion is filed.

*United States v. Mentz*, 840 F.2d 315, 326-27 (6th Cir. 1988) (most citations omitted).

In addition, under 18 U.S.C. § 3161(h)(7), a period of delay which is excludable under the Speedy Trial Act as to one defendant applies to all co-defendants.  *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986); *United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991); *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989).  Finally, when a new indictment is returned that adds new co-defendants or new charges, the speedy trial clock is reset because where multiple defendants are charged together and no severance has been granted, one speedy trial clock governs. *See* 18 U.S.C. § 3161(h)(7); *United States v. Cope*, 312 F.3d 757, 776-77 (6th Cir. 2002).  "As such,

-9-

the excludable delay of one defendant is ascribed to that of all of his codefendants." *Ibid.* (citing *United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir.1990)). The seventy days begins to run anew when the last defendant is arraigned on the new charges. *See O'Dell*, 154 F.3d at 360-62; *Blackmon*, 874 F.2d at 380 (reasoning that section 3161(h)(7) excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted," and therefore "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant").

The defendant bears the initial burden of demonstrating a Speedy Trial Act violation, although the government must come forward with evidence that certain time periods may be excluded from the time computation. *See* 18 U.S.C. § 3162(a)(2); *Murphy*, 241 F.3d at 454. "Once the defendant establishes a prima facie case that the government violated the Act (a simple matter of producing a calendar and showing that more than 70 days have passed since the indictment (or last appearance) and trial has yet to begin), the government has the burden of proving excludable time by a preponderance of the evidence." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

In this case, the defendant appeared before a federal magistrate the day of the initial and first superseding indictments on February 26, 2003. On that day, a motion for detention was made and the clock stopped. During the thirty days allowed for trial preparation, the defendant began looking for a new attorney and no proceeding could move forward until new counsel appeared. New counsel then appeared on March 21, 2003, and at that time a new thirty-day period for trial preparation began. During that thirty-day period, the defendant was arraigned on a second superseding indictment that added a new charge. As a result, the clock again restarted.

-10-

A third superseding indictment was returned on May 28, 2003 adding eight new charges to the defendant. On June 4, 2003, the defendant was arraigned on those charges. The clock ran from May 4, 2003 to May 28, 2003, but seventy days did not elapse. The arraignment on June 4, 2003 relating to the third superseding indictment caused a new, excludable thirty-day period for trial preparation. Instead of waving this period, the defendant moved for new counsel on July 24, 2003. That motion stopped the clock before seventy days had elapsed on that indictment. The Court permitted the defendant's attorney to withdraw on August 12, 2003, and the clock remained stopped while the defendant was without counsel. The Court entered an order thereafter finding excludable the period between August 12, 2003 and September 12, 2003. On August 24, 2003, new counsel appeared on behalf of the defendant; that attorney obtained a period of excludable delay for trial preparation from September 5, 2003 until November 11, 2003. The clock was again stopped when the defendant's motion for adjournment was granted. The Court found that the period between November 4, 2003 and January 20, 2004 was excludable.

On October 23, 2003, while a period of excludable time tolled the speedy trial clock, the grand jury returned a fourth superseding indictment adding again new charges against the defendant. As a result, the clock started anew when the defendant was arraigned. The defendant also changed attorneys for the fourth time on November 5, 2003 to his present counsel.

A fifth superseding indictment was returned on November 19, 2003 and the defendant was arraigned on November 24, 2003. On December 31, 2003, the Court entered an order excluding the period between January 20 and February 29, 2004. When the clock was stopped during this period, the defendant filed motions that arrested the clock until May 11, 2004. The clock ran two days before a sixth superseding indictment was unsealed adding the defendant's mother as a co-

defendant. That indictment again restarted the seventy-day period. When the defendant's mother was arraigned, an excludable period for trial preparation began. Another period of excludable time arose when co-defendant Ayers' guilty plea was taken under advisement from June 4, 2004 until August 4, 2004.

On August 11, 2004, the seventh superseding indictment was unsealed. This indictment added Wyatt as a co-defendant, and added "sentencing factors" in anticipation of the federal impact of *Blakely v. Washington*, 541 U.S. __, 124 S.Ct 2531 (2004). Wyatt first appeared in this district on September 17, 2004, restarting the clock but adding an excludable thirty-day period for trial preparation. On October 4, 2004, the magistrate judge issued a scheduling order which contained an "ends of justice" stop excluding the period of September 30, 2004 to October 22, 2004. A co-defendant also filed a motion on October 7, 2004, extending the excludable period until October 29, 2004, the date on which the motion was resolved. New motions, including the instant motion, were filed on November 19, 2004, the motions cut-off date.

While the present motions were pending, an eighth superseding indictment was filed on January 12, 2005. The clock reset on the arraignment date. Trial was scheduled for June 21, 2005. Motions filed by co-defendants remain pending.

Although the defendant has remained in custody well beyond seventy days after his first arraignment, the calculus prescribed by the several subsections of the Speedy Trial Act does not extend the delay into a forbidden area. The clock has been reset several times; the defendant has not shown that Speedy Trial Act's seventy-day period has elapsed and the government's evidence is sufficient to demonstrate that it has not.

C. Sixth Amendment Speedy Trial Right

-12-

The Sixth Amendment guarantees that individuals charged with federal crimes "shall enjoy the right to a speedy and public trial." However, the mere passage of time does not necessarily signal the denial of that right. For instance, courts have held that a delay of five and one-half years between the filing of charges and trial abridged the right, *see United States v. Brown*, 169 F.3d 344 (6th Cir. 1999), while a delay of twenty-two years did not. *See Wilson v. Mitchell*, 250 F.3d 388 (6th Cir. 2001). In *Barker v. Wingo*, the Supreme Court observed that the speedy trial right was "vague," "amorphous," and "slippery," and that it was not possible to ascertain with precision the time that the right was violated. *Barker*, 407 U.S. at 521-22. *See also United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003) (holding that "no one factor constitutes a 'necessary or sufficient condition to the finding of a deprivation of the right of speedy trial'") (quoting *Barker*, 407 U.S. at 553).

The Court therefore counseled against a "rigid approach[]" and established instead a functional, four-factor test intended to account for all relevant facts, and to be applied "on an *ad hoc* basis." *Barker*, 407 U.S. at 530. The four factors identified by the Court are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Ibid.* In *Doggett v. United States*, 505 U.S. 647, 651 (1992), the Court stated the test slightly differently: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."

The defendant argues that because he has spent over 398 days in pre-trial detention, his Sixth Amendment right to a speedy trial has been abridged. As noted, however, the mere passage of time is insufficient, and the defendant makes no argument that 398 days is uncommonly long as required

-13-

by *Barker* and its progeny.  In fact, the Sixth Circuit has found delays far greater in length, alone, insufficient to survive a Sixth Amendment challenge.  *See United States v.  Brown*, 169 F.3d 344 (6th Cir.  1999). Moreover, the defendant cites at length to the same Supreme Court decisions establishing the test for his speedy trial claim. As with his other claims, he fails to apply this law to his own situation.

In his supplemental filings, the defendant states that delay-induced prejudice has hampered his ability to defend against the charges.  He states that he traveled with his aunt, Dorothy McElroy, and his mother, co-defendant Corrine Sylvester, to Alabama to visit his grandfather in October of 2001, at which time "my grandfather loaned me $30,000 cash privately to utilize in my automobile sales enterprise and some of these monies were seized by the government in this case." Def.'s Sup. Br. Ex.  A, Sylvester aff. at ¶ 4.  According to the defendant, there were no other witnesses to this transaction, and his grandfather unexpectedly died on July 30, 2004.  The defendant also states that "prior to October 25, 2003, various weapons were received by me from Marvel Wooden to hold as collateral for various monies owed  by Mr. Wooden to me." *Id.*  at ¶ 6.  These weapons were those identified in the indictment.  Unfortunately, Mr. Wooden died on September 27, 2004.  The defendant has also provided a lab report showing results from DNA testing dated October 2003, presumably to bolster his claim of governmental misconduct because the government knew about the test results  several months before it turned them over to his lawyer as part of discovery.

These developments are insufficient to establish prejudice resulting from the delay for several reasons.  First, the defendant states that he is partly to blame for the delays in bringing the case to trial.  He changed counsel no less than four times.  Although the government did file eight superseding indictments in his case, the defendant does not explain why the several indictments are

-14-

impermissible in light of what appears to be a somewhat complicated, conspiracy investigation and criminal prosecution. The defendant does not explain how his role in the delay is offset by the government's conduct and how the government's delay balances in his favor. In fact, the government asked for an adjournment only once when the status of the defense counsel was unknown.

Next, there is nothing to corroborate the defendant's assertions that he traveled south or that he received money from his grandfather. Moreover, as the government notes with respect to the death of the defendant's grandfather, no sum of money in the amount of $30,000 was ever seized. As a result, it is unclear what effect the grandfather's testimony would have had; if the defendant would offer that testimony as an explanation for the presence of other cash in his house, there nonetheless is additional and substantial evidence to support the allegation that the defendant was engaged in drug trafficking.

Further, with respect to the defendant's claim that Wooden, now deceased, would have explained why the defendant was in possession of the firearms charged in the latest indictment, the defendant fairs no better. Simply put, the crimes with which the defendant is charged do not require him to own firearms, only possess them. Consequently, it is unclear how the inability to present Wooden's testimony would prejudice the defendant. In fact, Wooden's testimony actually might have incriminated the defendant.

Finally, the defendant does not explain how belatedly furnishing the lab report dated October 21, 2003 was the result of governmental misconduct. The government has stated that it did not become aware of the results until February 2004. Certainly the evidence played little or no role in the delays.

-15-

The Court finds, therefore, that a proper assessment of the four *Barker* factors requires the conclusion that no speedy-trial violation has occurred in this case, despite the significant period of delay since the defendant's arrest.

### D. Prosecutorial Vindictiveness

Lastly, the defendant suggests that his indictment should be dismissed because of prosecutorial vindictiveness. The defendant claims that the conduct of United States officials is "of such a nature as to be both shocking and offensive to Americans' notions of justice, decency and fair play." Def.'s Mot. Dismiss at 15. The defendant has been incarcerated for over 398 days and the government has filed eight superseding indictments and added three co-defendants. The defendant notes that his mother was not added as a co-defendant until February 25, 2003. The addition of his mother, the defendant claims, offends all notions of human decency resulting in mother being pitted against son. The defendant asserts that the government increased the charges in his case because the defendant sought a trial by jury. There are no independent and intervening circumstances to warrant filing so many indictments and adding his mother as a co-defendant fourteen months after the fact, he says.

The defendant, however, makes only these allegations and does not explain why it was improper to add his mother as a defendant, why charges against his mother require dismissal of his indictment, why fourteen months in an ongoing investigation was an impermissible delay to file charges against his mother, and why there are no independent grounds, such as the nature of the investigation, for filing eight superseding indictments. There is no basis to dismiss the case against this defendant on the ground of prosecutorial vindictiveness.

-16-

III.

The Court finds that the seventy-day period from indictment or first appearance to trial has not been exceeded because of the segments of excludable delay that have occurred. The alleged pre-indictment delay has not resulted in a violation of the Due Process Clause of the Fifth Amendment. And the defendant's right to a speedy trial under the Sixth Amendment has not been abridged.

Accordingly, it is **ORDERED** that the motion to dismiss by defendant James Roy Sylvester, Jr. [dkt # 117] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 16, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 16, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---