UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES ROY SYLVESTER, JR.,

                Petitioner,                       Criminal Case Number 03-20008
                                                   Civil Case Number 10-15151
v.                                             Honorable David M. Lawson

UNITED STATES OF AMERICA,

                Respondent.

_____/

## ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

The petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 on December 27, 2010. The petition raised four claims: (1) his rights under the Speedy Trial Act were violated and his trial and appellate counsel were ineffective in addressing that claim; (2) his trial and appellate counsel were ineffective by failing to file a motion to suppress the evidence seized from a suitcase he provided to coconspirators Vicki Loos and Jose Escobar for transporting illegal drugs; (3) his trial and appellate counsel were ineffective by failing to argue that his rights under the Fifth Amendment were violated where previously suppressed evidence was introduced at trial; and (4) his appellate counsel was ineffective by failing to argue that probable cause did not exist to search his home. The Court filed an opinion and order on June 16, 2015 denying the petitioner's motion and entered judgment.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that reasonable jurists could debate whether his trial and appellate counsel were ineffective in addressing his claim under the Speedy Trial Act. The violation of the petitioner's rights under the Speedy Trial Act could be found to satisfy the defective performance and prejudice prongs of *Strickland v. Washington*, 446 U.S. 668 (1984). The Court does not believe reasonable jurists could debate the Court's conclusions as to the petitioner's other claims.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** as to the petitioner's claim that his trial and appellate counsel were ineffective in addressing his claim under the Speedy Trial Act **ONLY.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 16, 2015

-2-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 16, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI